UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Midwest Mortgage Investment, Inc.,

    Plaintiff,

v.	Case No. 06-11255

Dewitt Building Company, Inc., *et al.*,	Honorable Sean F. Cox

    Defendants.

_____/

## OPINION & ORDER

This matter is currently before the Court on Plaintiff's requests for a default judgment as to Defendant James Rozanski ("Rozanski") and Defendant JR Building Company, Incorporated ("JR Building"). The Court does not believe that oral argument would aid the decisional process and will therefore dispense with oral argument. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the Court shall **DENY WITHOUT PREJUDICE** Plaintiff's requests for a default judgment as to Defendants Rozanski and JR Building.

## BACKGROUND

This is an action for damages brought by Plaintiff Midwest Mortgage Investment, Inc. ("Midwest") on its own behalf and as assignee of some 100 individual consumers for alleged violations of various consumer protection statutes.

Midwest filed this action on March 24, 2006, against several named defendants, including Rozanski and JR Building Company. Plaintiff's seven-count complaint contains the following counts:

1

- "Violation of HOEPA" (Count I), wherein Midwest seeks unspecified monetary damages for alleged violations of the Homeownership and Equity Protection Act of 1994;

- "Violation of the Michigan Home Improvement Finance Act" (Count II), wherein Midwest seeks unspecified damages for alleged violation of the Home Improvement Finance Act;

- "Violation of the MCPA" (Count III), wherein Midwest seeks unspecified damages for alleged violations of the Michigan Consumer Protection Act;

- "Violation of MCL 438.31" (Count IV), wherein Midwest seeks unspecified attorney fees under that statutory provision;

- "Breach of Contract" (Count V), wherein Midwest seeks unspecified damages for alleged breaches of home improvement installment contracts;

- "Unjust Enrichment" (Count VI), wherein Midwest seeks the return of unspecified funds paid to Defendants; and

- "Silent Fraud" (Count VII), wherein Midwest unspecified damages for alleged fraudulent actions.

On October 31, 2006, Midwest filed a "Request for Clerk's Entry of Judgment By Default" [Docket Entry No. 59], wherein Midwest requested a default judgment against JR Building. That submission requested that a default judgment be entered against JR Building in the amount of $193,545 on the basis of an affidavit of Defense Counsel William J. Yochim, Jr. ("Yochim"). In that affidavit, Yochim asserts that "there is due Plaintiff from such Defendant the sum of $193,545.00, under the complaint." The affidavit contains no explanation whatsoever as to the basis for the sum sought. No other materials were provided, and no supporting brief was filed by Plaintiff.

On that same date, October 31, 2006, Midwest also filed a Request for Clerk's Entry of Judgment by Default" [Docket Entry No. 57], wherein Midwest requested that a default judgment be issued against Rozanski. Like the above submission, this submission included only

an affidavit of Yochim in which he again asserts that "there is due Plaintiff from such Defendant the sum of $193,545.00, under the complaint." The affidavit contains no explanation whatsoever as to the basis for the sum sought. No other materials were provided, and no supporting brief was filed.

On November 3, 2006, the Clerk of the Court issued a Clerk's Entry of Default as to JR Building [Docket Entry No. 62] and a Clerk's Entry of Default as to Rozanski [Docket Entry No. 63].

## ANALYSIS

Rule 55, which governs default, provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." FED. R. CIV. P. 55(a). Thus, the first step toward obtaining a default judgment is for a plaintiff to obtain a "clerk's entry of default."

Rule 55 further provides that a default judgment may then be obtained in two different ways, which depend upon the nature of the relief sought by the Plaintiff. If the claim against a defendant is "for a sum certain or for a sum which can by computation be made certain" the Court Clerk may enter a default judgment for that amount. FED. R. CIV. P. 55(b)(1). "In all other cases, the party entitled to a judgment by default shall apply to the court" for a default judgment. FED. R. CIV. P. 55(b)(2). "If, in order to enable the court to enter judgment or carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper."

3

*Id.*

Here, Midwest sought a default judgment from the Court Clerk although its claims are not for a sum certain. Accordingly, the Clerk's office declined to enter default judgments based upon Midwest's submissions and instead forwarded the submissions to this Court. The requests filed by Midwest, however, fail to provide the Court with any basis for determining the amount of damages that should be awarded with respect to Midwest's various claims against Rozanski or JR Building. The Court shall therefore deny both requests without prejudice.

Midwest shall have 30 days from the date of this Opinion & Order to file motions seeking default judgments against Rozanski and/or JR Building. Such motions must be accompanied by a brief setting forth Midwest's basis for the amount of damages sought as to each defendant, and should be accompanied by appropriate affidavits and/or other evidence to support its requested damages. If Midwest fails to file such motions for default judgments as to Rozanski and/or JR Building within 30 days of the date of this order, those Defendants shall be involuntarily dismissed from this action for failure to prosecute.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that the hearing previously scheduled for May 24, 2007, is **ADJOURNED.**

**IT IS FURTHER ORDERED** that Midwest's request for default judgments [Docket Entries No. 57 and 59] are **HEREBY DENIED WITHOUT PREJUDICE.** Midwest shall have 30 days from the date of this Opinion & Order to file motions seeking default judgments against Rozanski and/or JR Building. If Midwest fails to file properly supported motions for default judgments as to Rozanski and/or JR Building within 30 days of the date of this order, those

4

Defendants shall be involuntarily dismissed from this action for failure to prosecute.

**IT IS SO ORDERED.**

             S/Sean F. Cox
             Sean F. Cox
             United States District Judge

Dated: May 8, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 8, 2007, by electronic and/or ordinary mail.

             S/Jennifer Hernandez
             Case Manager